IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

MAMIE LIGHTFORD-DRAPER,        )
                               )
            Plaintiff,         )
                               )
    v.                         )    No. 11 C 9
                               )
CITY OF CHICAGO,               )
                               )
            Defendant.         )

                      MEMORANDUM ORDER

   Mamie Lightford-Draper ("Lightford-Draper") has sued the City of Chicago ("City"), claiming that its denial of her requests to be reinstated as a member of the Chicago Police Department after she had sustained serious injuries to her right foot while on duty violated her rights under Title I of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. It is uncontested that Lightford-Draper was turned down for such reinstatement back in 2007 and that she did not then make a claim and bring suit, as she could have (and really should have if the denial did violate her statutory rights). But Lightford-Draper claims that the resulting time bars to both her claims are trumped by the doctrine of "continuing violations."

   There is no need to set out the underlying facts, which are really not in dispute at all--instead this opinion can limit its focus to the legal issue involved. What Lightford-Draper's counsel has done is to present a constantly shifting target:

Instead of responding to City's motion to dismiss the original Complaint, he tendered a First Amended Complaint, and now that City has moved to dismiss that second pleading on the same ground, he has tendered a proposed Second Amended Complaint. In both instances the allegations have been tweaked in an effort to escape the applicable limitations bars affecting each claim.

That just won't work, for City's 2007 refusal to accommodate Lightford-Draper's physical problem (which required that she use a cane to ambulate) was a discrete act that was actionable at that time--and she did not then pursue her claims. That being the case, Lightford-Draper cannot now bootstrap her claims into timeliness by invoking the continuing violation doctrine--as taught by Stepney v. Naperville Sch. Dist. 203, 392 F.3d 236, 240 (7th Cir. 2004):

> We have made clear, however, that failure to remedy an unlawful employment action is not a discrete actionable violation. See Lever v. Northwestern Univ., 979 F.2d 552, 556 (7th Cir. 1992)("An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination."), cited in Williams v. Ind. Univ., 345 F.3d 459, 463 (7th Cir. 2003). The continuing violation doctrine does not provide an avenue for circumventing this rule.

Accord, such cases (to name just a few) as Steward v. CPC Int'l, Inc., 679 F.2d 117, 120-21 (7th Cir. 1982), Mack v. Great A&P Tea Co., 871 F.2d 179, 182-83 (7th Cir. 1989), Selan v. Kiley, 969 F.2d 560, 564-65 (7th Cir. 1992) and Lucas v. CTA, 367 F.3d 714, 724 (7th Cir. 2004)--and the list could go on.

Accordingly Lightford-Draper's motion for leave to file a Second Amended Complaint, instead of meeting City's motion to dismiss head-on, is denied. Lightford-Draper has had more than an ample opportunity to speak to the limitations issues, and she has failed to do so. This action is dismissed.

                                       _____
                                       Milton I. Shadur
                                       Senior United States District Judge

Date: May 20, 2011